**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolyn S Dearchs, | No. CV-25-01798-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Joshua B Jameson, et al., | |
| Defendants. | |

**I.**

This case involves Plaintiff Carolyn Dearchs's allegations that Defendants Joshua and Audrey Jameson wrongfully diverted funds from the sale of her home in Stockton, California. The Jamesons are also Plaintiff's son and daughter-in-law. Plaintiff alleges that she executed two powers of attorney giving her son Joshua authority to sell her Stockton home and purchase a home in Mesa, Arizona. It was intended that Plaintiff would live with Joshua and Audrey. Plaintiff also alleges she intended to be on the home's title. (Doc. 1 at ¶¶ 16, 24.) But, Plaintiff alleges, Joshua took advantage of his mother's generosity and purchased the home in his and Audrey's names only.

Defendant Old Republic Title Company served as title company for the sale of the Stockton home. Following Joshua's instructions, it transferred funds to Defendant Title Services of the Valley. The latter was the title company used by Joshua and Audrey to purchase the Mesa home. The funds transferred from Old Republic were used for the Mesa home purchase.

The complaint asserts many claims against the Jamesons. One is against all Defendants, including Old Republic, for breach of fiduciary duty. Old Republic moves to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.)

## II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to provide a short and plain statement of the claim. This includes sufficient factual allegations that, when taken as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). Plausibility is more than mere possibility; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations "are taken as true and construed in the light most favorable to the [plaintiff]." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation modified).

## III.

The Court finds that the complaint fails to satisfy Rule 8(a)(2). While it asserts detailed factual allegations against the Jamesons, the complaint does not provide any well-pleaded factual allegations against Old Republic. There is no basis to discern Plaintiff's theory of liability against Old Republic beyond simple threadbare recitals of a breach of fiduciary duty claim and legal conclusions.

The Court need not accept the complaint's allegation (Doc. 1 at ¶ 37) that Old Republic "knew that proceeds were from the sale of Carolyn's California Home, and therefore, the Arizona Home should have been conveyed to Carolyn." This allegation suffers from many fatal defects. There are no well-pleaded factual allegations explaining how Old Republic should have known Plaintiff's intentions. After all, the complaint alleges that Joshua held two separate powers of attorney that gave him authority to execute real estate transactions on his mother's behalf. In this regard, the complaint contradicts itself.

1    Quite simply, there are no facts alleged that would put the title company on notice
2 that it should not follow instructions given by the holder of the power of attorney. Nor are
3 there any facts alleged that suggest the title company should be on reasonable notice that
4 the holder was acting against the principal's wishes.
5    Without facts, the complaint's entire case against Old Republic is pure speculation.
6 There are no reasonable inferences to be drawn in Plaintiff's favor, nor are there any facts
7 that can be construed in her favor. The Court will grant the motion and dismiss the
8 complaint as against Old Republic. Plaintiff may file a first amended complaint to state
9 well-pleaded facts supporting her claim against Old Republic. If Plaintiff does not do so,
10 the Court may, without further notice, dismiss Old Republic from this action.
11    **IT IS THEREFORE ORDERED** that Defendant Old Republic Title Company's
12 Motion to Dismiss (Doc. 7) is **GRANTED**. The Complaint is dismissed against Old
13 Republic with leave to amend no later than **August 1, 2025**.
14    **IT IS FURTHER ORDERED** that a Rule 16 Scheduling Conference will be set
15 by separate order.
16    Dated this 18th day of July, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge